ANDERS, Estate of, In re.

Ohio Appeals, Tenth District, Franklin County.

No. 6107. Decided July 21, 1959.

Lawrence J. Burns, Columbus, for successor-administrator of estate.
J. Harvey Crow, Urbana, for himself.

**OPINION**

By BRYANT, PJ.

On November 5, 1958, J. Harvey Crow of Urbana, Ohio, made application in Probate Court of Franklin County, Ohio, for appointment of himself as administrator of the estate of Loren Eugene Anders, deceased.

The application was approved, bond was set at $4,000, which was furnished by the United States Fidelity and Guaranty Company by Jack McKeevar, agent, and letters of authority were then and there issued to Crow. Under date of January 8, 1959, the said Probate Court approved a journal entry which recites the appointment and furnishing of a bond by Crow, states that said bond was signed by an agent not authorized to sign bonds in said court and that more than sixty days have elapsed without said bond being lawfully executed.

The entry then sets aside the previous entry of November 5, 1958, thereby removing Crow as administrator. It further names Lawrence J. Burns of Columbus, Ohio, as successor-administrator.

Under date of January 26, 1959, Crow filed a notice of appeal from the order of January 8, 1959, removing him as administrator stating the appeal is on questions of law and fact.

Under date of May 5, 1958, the said Burns filed a motion to dismiss the appeal on law and fact for the reason that the court lacks jurisdiction to hear this appeal as a law and fact case. Crow has filed a brief in opposition and has moved to strike the motion to dismiss of Burns from the files on two grounds—first, the alleged lack of a final order removing Crow and second, that Burns is not a party to the action.

Burns relies upon the case of **Bernhard et al v. Irwin, 50 Abs 288,** decided by the Second District Court of Appeals in 1947, the syllabus of which is as follows:

"1. An action to remove an administrator is not a chancery case and therefore an appeal on questions of law and fact will not lie from the judgment of the trial court."

Sec. 2501.02 R. C., as amended October 4, 1955, contains an enumeration of ten classes of actions in which an appeal on questions of law and fact is permitted. It is then provided that in all other cases this court is authorized to proceed as in an appeal on questions of law only, said section reading in part as follows:

"In all cases not falling within the classes designated above the court of appeals shall have jurisdiction to proceed as in an appeal on questions of law only."

It appears therefore that the motion to dismiss as an appeal on questions of law and fact must be sustained. The appeal on questions of law and fact will be dismissed, but the case will be retained as an appeal on questions of law only. It is therefore the order of the court in the event a bill of exceptions is required that it be presented and filed pursuant to Paragraph D, Rule V of the Rules and Regulations of the Courts of Appeals of Ohio in not more than thirty days from the date of the announcement of this opinion and that compliance be had with the provisions of the said Rule V D and Rule VII A (2) of the rules of this court.

The motion to strike filed on behalf of said Crow is hereby overruled.

DUFFY, J, concurs.
MILLER, J, not participating.